# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

PAUL GERMANO,
    *Plaintiff*,

v.

ROLLIN COOK *et al.*,
    *Defendants*.

No. 3:19-cv-01204 (JAM)

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
## AND TEMPORARY RESTRAINING ORDER

Paul Germano is a prisoner in the custody of the Connecticut Department of Correction ("DOC") and is currently confined at Garner Correctional Institution. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against some twenty persons, a mix of present and former correctional officials and medical practitioners, in their individual and official capacities for damages and injunctive relief. Germano claims that defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs, and then retaliated against him, in violation of the First Amendment, for complaining about it. Doc. #1.

Germano has moved for a temporary restraining order, or, in the alternative, a preliminary injunction, ordering the DOC to place him on single-cell status during the pendency of this litigation. Doc. #9.[1] Germano argues that his serious mental illnesses make cohabitation with a cell-mate impossible; that he has advised his treatment team at Germano of these needs; and that they are, in violation of the Eighth Amendment, being deliberately indifferent to his serious medical need for single cell status. *Id.* Another physical ailment led to Germano's current

---

[1] Germano has in fact made two motions for a temporary restraining order and preliminary injunction, one filed September 24, 2019 (Doc. #7) and one filed September 26, 2019 (Doc. #9). The two motions are essentially duplicative and so I consider them together.

assignment to a single cell, but once he has recovered from that ailment, Germano risks being assigned to a multiple-inmate cell. *Id.*

Both a temporary restraining order and a preliminary injunction are extraordinary remedies for which a plaintiff bears the burden to show (1) irreparable harm, (2) a likelihood of success on the merits or a sufficiently serious question going to the merits and a balance of hardships tipping decidedly in the plaintiff's favor, and (3) that the public interest weighs in favor of granting an injunction. *See, e.g.*, *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010) (preliminary injunction); *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303, 305 (S.D.N.Y. 2010) (temporary restraining order).

Even if I assume that Germano has established irreparable harm, I conclude that Germano cannot show a likelihood of success or a sufficiently serious question going to the merits of his Eighth Amendment or First Amendment claims.

The Supreme Court has held that a prison official's deliberate indifference to the serious medical needs of a prisoner amounts to a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Second Circuit has in turn made clear that a prisoner who claims deliberate indifference to a serious medical need must satisfy two requirements. First, there is an *objective* requirement—that the prisoner's medical need was sufficiently serious. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). The prisoner must show that he suffered from an urgent medical condition involving a risk of death, degeneration, or extreme pain. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

Second, there is a *subjective* requirement: that the defendant has acted recklessly—that is, with an actual awareness of a substantial risk that serious harm to the prisoner would result from the defendant's action or non-action. *See Spavone*, 719 F.3d at 138. It is not enough to allege

simple negligence or negligent medical malpractice. *See Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012) (*per curiam*); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Instead, a prisoner must show that the defendant acted with the equivalent of a criminally reckless state of mind when denying treatment for the prisoner's medical needs. *See Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*).

To the extent that Germano's claim is understood as an Eighth Amendment challenge to his conditions of confinement, the Eighth Amendment does not guarantee a prisoner the right upon request to be housed in a single cell. *See, e.g.*, *Jarecke v. Hensley*, 552 F. Supp. 2d 261, 265-66 (D. Conn. 2008). I understand Germano's claim instead to be that the denial of single-cell status amounts to deliberate indifference to his serious mental health needs.

I will assume that Germano has alleged facts to show that he suffers from severe mental conditions sufficient to satisfy the objective prong of the Eighth Amendment standard for deliberate indifference. *See Currytto v. Furey*, 2019 WL 1921856, at *5 (D. Conn. 2019) (collecting cases). Nevertheless, the facts do not plausibly establish that any of the defendants recklessly disregarded a substantial risk that Germano would suffer serious harm as a result of their denial of Germano's request for single-cell status, or that their denial of his single-cell status was retaliatory in nature.

The declaration of Jennifer Rodi, licensed professional counselor, submitted with the defendants' response to the motion for a temporary restraining order, indicates that Germano's treatment team (composed of a psychologist, an advanced practice registered nurse, a licensed clinical social worker, and other staff) believe a single cell assignment is not warranted. Doc. #11-1. Germano disagrees, of course, but cannot show that his treatment team has recklessly disregarded a substantial risk that Germano would suffer serious harm; the team has simply

3

reached a considered conclusion that the risk does not exist. *See Hill*, 657 F.3d at 123 (affirming dismissal of complaint where facts equally consistent with reasonable difference of medical opinion or medical negligence as deliberate indifference); *cf. Johnson v. Wright*, 412 F.3d 398, 400 (2d Cir. 2005) (genuine issue of fact as to deliberate indifference where "defendants reflexively applied [prison] policy in the face of *unanimous, express, and repeated*—but contrary—recommendations of plaintiff's treating physicians" (emphasis added)).

By the same token, Germano has not alleged facts to plausibly show that, as far as their involvement in his assignment to a shared cell is concerned, the remaining individual capacity defendants acted recklessly with respect to Germano's conditions, or with a retaliatory motive, as opposed to negligently or innocently on the basis of divided medical opinion. Because Germano has alleged facts that show no more than grounds for difference of medical opinion rather than reckless indifference, he has not shown either a likelihood of success or serious questions going to the merits of his Eighth Amendment or First Amendment claims. *See Abrams v. Waters*, 2018 WL 1469057, at *6 (D. Conn. 2018) (denying preliminary injunctive relief claim for single-cell status).

Accordingly, there is no basis for a temporary restraining order or preliminary injunctive relief at this time.

## CONCLUSION

Plaintiff's motions for a temporary restraining order and preliminary injunction (Docs. #7, #9) are DENIED. It is so ordered.

Dated at New Haven this 3d day of December 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge